■ In the Matter of PETER CARNES, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 (instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law) to review a determination of the Commissioner of Education which suspended petitioner's license as a chiropractor for a period of two years, concurrently, upon each of two specifications of professional misconduct, stayed the last year of suspension and placed petitioner on probation for a period of four years. Petitioner is a chiropractor who admittedly submitted false and fraudulent invoices for payment under the Medicaid program, signed invoices in blank so that others could also submit such invoices and fabricated patient records to cover false invoices which had been questioned by the City of New York. As a result, on October 28, 1975 he pleaded guilty to a Federal information charging him with submitting and causing to be submitted various invoices for doctors' services which were false and fraudulent in violation of sections 2 and 287 of title 18 of the United States Code. Subsequently, disciplinary

proceedings premised upon his Federal conviction were instituted by the New York State Education Department, and petitioner was charged with having been convicted of a crime and with unprofessional conduct within the purview and meaning of paragraph (b) of subdivision (5) and subdivision (9) of section 6509 of the Education Law. Following a hearing on the matter before a panel of the Committee of Professional Conduct of the State Board of Chiropractic, these charges were sustained, and the panel recommended that petitioner's license to practice as a chiropractor be suspended for two years upon each of the charges, said suspensions to run concurrently, that execution of the final year of the suspensions be stayed and that petitioner be placed on probation for four years. Ultimately, the panel's findings and recommendation were accepted by the Board of Regents and adopted by the Commissioner of Education, who thereupon issued the order which is challenged in the present proceeding. We hold that the commissioner's order should be confirmed. Substantial evidence to support the findings of misconduct is clearly provided by petitioner's guilty plea and his admissions both in Federal court and before the hearing panel. Moreover, even assuming, as argued by petitioner, that the hearing panel was mistaken as to the reason why he continued to file fraudulent claims after he became aware of the investigation of the clinics where he worked, this circumstance would not warrant disturbance of the challenged order. Much of petitioner's conceded wrongdoing occurred before he knew of the ongoing investigation, and, furthermore, there has been no adequate showing to support petitioner's contention that any of the investigators, including Dr. Dintenfass, suggested that he continue his illegal conduct so as to avoid creating suspicion and upsetting the investigation. With regard to the penalty assessed against petitioner, we likewise cannot agree with his argument that it is unduly harsh, excessive and shockingly unfair. His misconduct was obviously serious in nature, and, while he apparently acknowledged his guilt and aided the authorities in their investigation, he plainly did so only when he realized that said authorities had proof of his criminal activities. Consequently, under the prevailing circumstances, it cannot reasonably be maintained that the penalty is disproportionate to the offense or shockingly unfair (cf. *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250; *Matter of Pell v Board of Educ.,* 34 NY2d 222). We have examined petitioner's remaining contentions and reject them for the reason that they are without support in the record. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.